**STATE of Tennessee, Appellee,**

v.

**Danny Lee BRYANT, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

March 25, 1983.

Permission to Appeal Denied by Supreme Court May 31, 1983.

Buddy D. Perry, Chattin, Perry & McBee, Winchester, for appellant.

William M. Leech, Jr., State Atty. Gen. & Reporter, Jerry L. Smith, Asst. State Atty. Gen., Nashville, J. William Pope, Jr., Dist. Atty. Gen., Pikeville, Mike P. Lynch, Asst. Dist. Atty. Gen., Winchester, for appellee.

OPINION

BYERS, Judge.

The defendant was convicted of bank robbery and was sentenced to serve not less than nor more than twenty (20) years in the penitentiary.

The defendant says the trial judge erred in refusing to charge the jury on the offense of robbery as a lesser included offense.

The judgment is affirmed.

The defendant does not dispute the sufficiency of the evidence. It is enough to say he clearly robbed a bank.

The offense of bank robbery is set out in T.C.A. § 39–3902, and the offense of robbery is set out in T.C.A. § 39–3901. The essential distinction between the two offenses is that in order for a robbery to constitute bank robbery, it must be committed against an institution where money, securities, etc., are kept on deposit. This element is not required to prove robbery as defined in T.C.A. § 39–3901.

It may be argued that robbery is a lesser included offense of bank robbery. However, under the facts of this case, the trial judge was not in error in refusing to give the requested instruction.

The evidence shows without question that the defendant robbed a bank. There is nothing in the record to suggest the crime should have been reduced to the offense of robbery without a weapon as claimed by the defendant. It was not necessary, therefore, to instruct on this offense. *Judge v. State,* 539 S.W.2d 340 (Tenn.Cr.App.1976).

DAUGHTREY and SCOTT, JJ., concur.